IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

G&G CLOSED-CIRCUIT EVENTS LLC,

    Plaintiff,

    v.                                         Case No. 15-C-298

NORMA ALCAZAR,

    Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff G&G Closed-Circuit Events LLC brought this action alleging Defendant Norma Alcazar knowingly and willfully violated 47 U.S.C. §§ 553 and 605 by intercepting and exhibiting a pay-per-view boxing match on April 20, 2013. Jurisdiction is based on 28 U.S.C. § 1331. The matter was scheduled for a court trial on the afternoon of September 4, 2015. On the morning of trial, Defendant's counsel informed the court that he had been unable to reach Defendant for several days. In a telephone conference with the court, counsel for the parties agreed to submit a stipulation of facts in lieu of proceeding with the court trial, and written arguments as to an appropriate damage award. Liability under section 605 had been conceded. The following constitutes the court's Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Pursuant to the stipulation submitted by the parties (ECF No. 14), the court adopts the following as findings of fact:

1. On April 20, 2013, the *Austin Trout v. Saul Alvarez Fight Program*, including undercard bouts and the entire television broadcast ("the Broadcast"), was shown on two television screens at

Las Brisas Mexican Restaurant ("the Establishment"), located at 1906 University Avenue, Green Bay, WI 54302.

2. The defendant, Norma Alcazar, owned and operated the Establishment on that date, and was present in the restaurant during the broadcast of the fight.

3. Norma Alcazar no longer owns or operates the Establishment.

4. The capacity of the Establishment was 100 people.

5. The commercial rate for showing the Broadcast for a building with a capacity of up to 100 people was $800.00.

6. Defendant never paid the commercial rate of $800.00 to G&G Closed Circuit Events, LLC, nor did anyone else acting on behalf of the restaurant.

7. No cover charge was needed to enter the Establishment on April 20, 2013.

8. The Broadcast was not advertised by the Establishment.

9. The Broadcast was shown in the Establishment because defendant ordered it from a programing provider and paid the provider the residential license fee for the Broadcast.

10. At the time the Broadcast was shown, there were three headcounts taken by the plaintiff's investigator, which provided the following results: 63, 70, and 75.

11. The attorneys' fees and costs attributable to this action are $1,700.00.

## CONCLUSIONS OF LAW

The only dispute between the parties concerns the appropriate amount of damages. A claimant entitled to relief under 47 U.S.C. § 605 may elect actual or statutory damages (from $1,000 to $10,000 per violation) pursuant to § 605(e)(3)(C)(i). Enhanced damages up to $100,000 may be awarded for willful violations. 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff requests statutory damages in the amount of $16,500.00 plus the agreed-upon $1,250.00 in attorneys fees and $450.00 in costs. The damages figure is based on an award equal

to $55.00 times the maximum number of people observed in the bar, 75, multiplied by 3 because Plaintiff argues the violation was willful. *See Joe Hand Promotions v. Ewer*, No. 09-cv-612, 2009 WL 3269658 (E.D. Wis. Oct. 8, 2009) (using $55.00 per person formula); *J & J Sports Prods., Inc. v. ARH Enter. LLC, et al.*, No. 12-cv-1383-JPS, 2014 WL 4656118, at *3 (E.D. Wis. Sept. 16, 2014) (using multiplier of 3 for willfulness).

In *Joe Hand Productions v. Ewer*, however, this court only applied the $55.00 figure after noting that it was "unclear what plaintiff would charge to permit the defendants to show its UFC program, so the Court must consider an alternative means of calculating damages." 2009 WL 326958, at *3. In other words, the court did not know what actual damages would be. Here, actual damages are stipulated to be $800.00. Although Plaintiff may elect statutory rather than actual damages, the amount of actual damages incurred is relevant to the court's determination of a "just" statutory damage award authorized under § 605(e)(3)(C)(i)(II).

Based in part on the actual damages amount as well as the fact that she is a first-time offender with no aggravating circumstances (e.g. she did not charge a cover charge or advertise the event) and a low likelihood of re-offending (i.e. she no longer owns the bar), Defendant requests the minimum $1,000 statutory damage award. Defendant also argues Plaintiff "offers no evidence or argument" that Defendant's violation was willful. Defendant notes that unlike cases in which an illegal descrambler device is used to facilitate the violation, Defendant actually paid for the Broadcast, just not at the commercial rate. Quoting an unreported California case, Defendant states "many courts have found that where a defendant is not aware that it is unlawful to order one of Plaintiff's programs through a residential cable service to show at his commercial establishment, there is no willfulness in the 'unauthorized' receipt of the program at a commercial establishment." *J&J Sports Productions, Inc. v. Bolano*, No. 5:14-CV-3939-BLF, 2015 WL 4512322, at *4 (N.D. Cal. July 24, 2015) (collecting cases).

The record supports a finding of willfulness. Defendant was apparently intent on failing to appear for trial in a matter in which the plaintiff demanded increased statutory damages based on allegations of willful conduct, and in any event, Defendant intentionally paid the residential rate and then intentionally broadcasted the event at a commercial establishment. *Kingvision Pay–Per–View, Ltd. v. Scott E'S Pub., Inc.*, 146 F. Supp. 2d 955, 959 (E.D. Wis. 2001) ("'Willful' as used in these statutes means a disregard for the governing statute and an indifference for its requirements." (quotations omitted)); *Time Warner Cable of N.Y. City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems"); *Garden City Boxing Club, Inc. v. Frezza*, 476 F. Supp. 2d 135, 138 (D. Conn. 2007) ("[T]he court may draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages based on allegations of willful conduct." (quotations omitted)). The court will assess enhanced damages in the amount equal to the $800 actual damages multiplied by four for willfulness. *See J & J Sports Prods., Inc. v. Broadway Baby of Wisconsin, Inc.*, No. 12-C-405, 2013 WL 238850, at *4 (E.D. Wis. Jan. 22, 2013) (quadrupling damages for willfulness); *Ewer*, 2009 WL 3269658, at *3 (same).

Accordingly, the Clerk is directed to enter judgment against Defendant in the amount of $4,900, which is equal to $3,200 statutory damages plus $1,700 attorney's fees and costs.

SO ORDERED this   9th   day of November, 2015.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court